UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-

| | |
|---|---|
| KRISTI JOHNSTON | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| | ) JURY TRIAL DEMANDED |
| TRANSWORLD SYSTEMS, INC. | ) |

COMPLAINT

I. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTPCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2.      Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

II. PARTIES

3.      Plaintiff, Kristi Johnson, ("Plaintiff") is a natural person residing at 2030 Spruce Street, Philadelphia, PA, 19103. Because Plaintiff is allegedly obligated to pay a debt that is the subject of this case was primarily used for family, personal or household

purposes, she is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and the UTCPL, 72 Pa.Cs. 201-1, et.seq.

4. Defendant TRANSWORLD SYSTEMS, INC., ("TRANSWORLD") is upon information and belief, a corporation located at 507 Prudential Road, Horsham, PA, 19044, and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. At all times material and relevant hereto, Defendant acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

6. Defendant, at all times relevant hereto, is a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

III. FACTUAL ALLEGATIONS

7. On or about May 14, 2009, Plaintiff, Kristi Johnston, entered into an agreement ("Agreement") with Villanova University for payment of outstanding tuition of Two Thousand One Hundred Fifty One Dollars and Twenty Cents ($2,151.20) ("Outstanding Tuition") whereby Plaintiff would pay off the above amount by making ten (10) monthly installments of $235.00 until the outstanding tuition was paid in full. ("Payment Plan"). A true and correct copy of this agreement plan is attached as Exhibit "A."

8. Due to the outstanding tuition owed by Plaintiff, Villanova refused to release her college transcript and diploma.

9. The Agreement states that Plaintiff is responsible for the principal balance, service fees, collection costs and "council" (sic) fees. There was no reference to interest charges being charged to Plaintiff.

10. Plaintiff was unable to meet the requirements of the Agreement and was, subsequently, contacted by NCO Financial Systems, Inc. ("NCO").

11. According to a letter dated January 21, 2010 sent by NCO to Plaintiff, NCO claimed that the Principal Balance was $2,151.20 and Collection Charges of $717.06 for a total balance of $2868.26. A true and correct copy of the January 21, 2010 NCO letter is attached hereto as Exhibit "B".

11. Plaintiff entered into an agreement with NCO to repay the tuition at the rate of One Hundred Dollars ($100.00) a month until the tuition was paid in full.

12. Plaintiff's payments were automatically withdrawn by NCO until August, 2012 when NCO stopped withdrawing the payments and ceased all correspondence with Plaintiff.

13. By September 28, 2012, NCO had withdrawn a total Two Thousand Four Hundred Dollars ($2,400.00) from Plaintiff's account.

14. Plaintiff, subsequently called the Villanova University's Bursar's Office and was told that her tuition was paid in full.

15. On or about August 22, 2013, Villanova University released Plaintiff's college transcript and diploma.

16. Defendant, subsequently, sent a collection letter to Plaintiff.

17. Plaintiff responded to Defendant's collection letter by requesting an account history.

18. In a letter dated February 16, 2015, Defendant responded to Plaintiff's request and attached what it claimed to be the account payment history. A true and correct copy of the February 16, 2015 letter is attached hereto as Exhibit "C".

19. Defendant's letter stated the following, inter alia:

    a. That there was a Principal due of $351.20 and a Collection Charge of $117.06 for a total balance of $468.26.

    b. That Plaintiff's "account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law".

20. Since Villanova University acknowledged that the amount it claimed due, which was the principal, had been paid in full, Defendant's letter claiming that there was a principal balance due of $351.20 is misleading, deceptive and false under the FDCPA.

21. At no time was there an agreement as to the allocation of the monies paid by Plaintiff, however, according to the Agreement, the principal balance is listed as the first among the categories of charges which may be due on the account.

22. Defendant's actions as aforestated are fraudulent and deceptive under the FDCPA and intended to mislead Plaintiff as follows:

    a. Defendant has misstated the allocation of the funds paid to it;

    b. Defendant's February 16, 2015 letter warning that Plaintiff's balance may be increased due to the addition of accrued interest or other charges is without legal basis.

## IV. CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. section 1692, et seq.

23. Plaintiff incorporates her allegations of paragraphs 1 through 22 as though set forth at length herein.

24. Defendant's actions as aforestated are false, deceptive, material and misleading to Plaintiffs as follows:

   (a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   (b) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

   (c) Defendant violated 15 U.S.C. § 1692e (2) by misrepresenting the character, amount or legal status of the alleged debt.

   (d) Defendant violated 15 U.S.C. § 1692e (10) by using false representations or deceptive means to collect Plaintiff's alleged debt.

   (e) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect Plaintiff's alleged debt.

   (f) Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

25. As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorneys' fees, costs and expenses.

26. As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

27. Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

28. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

29. Plaintiff incorporates her allegations of paragraphs 1 through 28 as though set forth at length herein.

30. The foregoing acts and omissions of Defendant's constitutes numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KRISTI JOHNSTON, prays that judgment be entered against Defendant, individually 1for the following:

(1) Actual damages;

(2) Statutory damages each in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that the Defendants conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

*/s/ Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2030 SPRUCE STREET, PHILADELPHIA, PA 19103

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: 2030 Spruce Street, Phila., PA19103
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA 15 U.S.C. Section 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, MICHAEL P. FORBES, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 8-13-15        MICHAEL P. FORBES        55767
                     Attorney-at-Law          Attorney I.D.#

8-13-15

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-13-15        MICHAEL P. FORBES        55767
                     Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KRISTI JOHNSTON

## DEFENDANTS
TRANSWORLD SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Michael P. Forbes, PC
200 Eagle Rd, Suite 220    610-293-9399
Wayne, PA 19087

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 O.S.C. SECTIONS 1692-1692p

Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  8-13-15
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KRISTI JOHNSTON | : | CIVIL ACTION |
| v. | : | |
| TRANSWORLD SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| | | |
|---|---|---|
| 8-13-15 | _[signature]_ | KRISTI JOHNSTON |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-293-9399 | 610-293-9388 | MICHAEL@MFORBESLAW.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02